MOTION UNDER 28 U.S.C. SECTION 2255
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY

---

| | |
|---|---|
| EUGENE OKOH ) | |
| ) | |
| ) | CASE NO. |
| v. ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ID No. ) | |

1. Place of detention, or if on supervised release, date of parole release: 12/29/07

2. Name and location of court which sentence was imposed and name of judge who imposed the sentence which is now under attack.

   United States Southern District Court of New York
   Judge Victor Marrero.

3. Date of judgment of conviction: September 11, 2006

4. Case number: 6 CR 0009 (VM)

5. Length of sentence: 4 months imprisonment and 3 years supervised release.

6. Nature of offense involved (all counts):

   Conspiracy to Commit Bank Fraud

7. What was your plea?                     (check one)

    (A)   Not guilty                      ( )
    (B)   Guilty                          (X)
    (C)   Nolo Contendere     ( )

8. Kind of trial:                          (check one)

    (A)   Jury                          ( )
    (B)   Judge only                  ( )

9. Did you testify at the trial?

    Yes  ( )                No  ( )

10. Did you appeal from the judgment of conviction?

    Yes  ( )                No  (X)

11. If you did appeal, answer the following:

    (A)   Name of court

    (B)   Result

    (C)   Date of result

12. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?

    Yes  ( )                No  (X)

13. If your answer to (12) was **"YES,"** give the following information:

(A)  (1)   Name of court _____

       (2)   Nature of proceeding _____

       (3)   Grounds Raised _____

       (4)   Did you receive an evidentiary hearing on your petition, application or motion?

               Yes  ( )               No  ( )

   (5) Result_____

   (6) Date of result_____

(B) As to any second petition, application or motion, give the same information:

   (1) Name of the court_____

   (2) Nature of proceeding_____

   (3) Grounds Raised_____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?

     Yes ( )    No ( )

   (5) Result_____

   (6) Date of result_____

(C) As to any third petition, application or motion, give the same information:

   (1) Name of the court_____

   (2) Nature of proceeding_____

   (3) Grounds Raised_____

Did you receive an evidentiary hearing on your petition, application or motion?

     Yes ( )    No ( )

   (5) Result_____

   (6) Date of result_____

(D) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

   (1) First petition, etc. Yes ( ) No ( )

   (2) Second petition, etc. Yes ( ) No ( )

   (3) Third petition, etc. Yes ( ) No ( )

(E)     If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

14.     State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

**CAUTION:**     **IF YOU FAIL TO SET FORTH ALL GROUNDS IN THIS MOTION, YOU MAY BE BARRED FROM PRESENTING ADDITIONAL GROUNDS AT A LATER DATE.**

A.     **Ground one**: Petitioner Eugene Okoh's plea was not knowingly and intelligently made because Government misstatements and misrepresentations induced Petitioner to waive his constitutional rights and plead guilty violating the due process requirement of the Sixth Amendment.

Supporting facts (Just state the specific facts that support the claim without citing cases or law):

I was born on August 21, 1983 in Nigeria to Iglatius and Obadan Okoh. On August 26, 1996, my mother became an American citizen while I was residing in Nigeria. In 1997, I entered the United States and remained without a valid visa or documentation. In March 2001, when I was seventeen (17) years old, I filed for an adjustment of status as a result of being a minor child of an American citizen. I received a temporary work permit as I waited for the adjustment. I received my alien registration card soon after February 11, 2002.

On November 4, 2005, I was arrested and charged with participating in a conspiracy to commit bank fraud. I was assigned an attorney, Frank Handelman, Esq., to represent me. On January 4, 2006, an Indictment was filed charging me with a conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349.

Though I understood that I obtained United States citizenship as a result of my mother's citizenship, I contacted an immigration attorney to be sure. I was told that I was a citizen and that I could apply for a certificate or passport as proof of my citizenship. I applied for such documentation submitting my Nigerian birth certificate, my alien registration card and my

mother's Certificate of Naturalization.  I received a United States Passport with the number 216311494 on or about February 9, 2006.

Prior to receiving the passport, I had limited discussions with my assigned attorney relating to my options as to how to resolve my case.  The choices were to go to trial or to plead guilty with or without cooperating.  After receiving the passport and having no fear of immigration consequences, my discussions with my attorney turned to limiting the period of incarceration to as little as possible.  The result of these discussions was the receipt of a plea agreement in which the Guidelines range was 8-14 months.

Though I understood that the judge was not bound by the agreement nor the Guideline sentencing range, as a result of the discussions with my attorney, I believed that the plea agreement was the best way to limit the time I would have to serve in jail.  Limiting jail time was more important than any issue relating to restitution and because I did not believe that I faced any problems with my status as an American citizen, I had little or no discussion with my attorney as to the loss amount that I would be legally responsible for.

On April 11, 2006, I entered a guilty plea to the conspiracy to commit bank fraud. During the plea allocution, the district judge asked me if I was a citizen.  Because I had received my passport as confirmation of my citizenship and there was no doubt in my mind, I answered yes.  The judge explained to me some of the civil rights, as a citizen, I may lose as a result of my conviction.   There was no mention of the amount of loss resulting from the conviction.

On July 27, 2006 at the sentencing hearing, the amount of restitution was not determined and was left to be determined at some future time.  Though my attorney objected to the amount of loss that was noted in the presentence report, he made no effort to argue that the loss was less than $10,000.  I had no discussion as to the significance of the determination of the loss as it related to my status in the United States.

On July 27, 2006, I was sentenced to four (4) months incarceration and three (3) years supervised release with four (4) months home confinement with restitution to be set at a later date. I surrendered to the Bureau of prisons on August 29, 2006. On September 11, 2006, an amended judgment of conviction was filed setting restitution in the amount of $32,512.40.

Just prior to my scheduled release for December 29, 2007, an immigration hold was placed on me. Soon after that, I learned that the United States Department of State claimed that I received a passport in error and that I was not a United States citizen. I also learned that the offense that I pled guilty to was an "aggravated felony" under immigration law because it involved fraud and the loss to the victims was more than $10,000.

Had I not received the United States passport that confirmed both my understanding and my immigration attorney's statement that I was a citizen, and informed that the Department of State believed I was not a United States citizen, I would have discussed the effects of any conviction on my ability to remain in the United States. I would have learned that I would face deportation if I was convicted of an aggravated felony and that the offense I was charged with would be an aggravated felony if the loss to the victims was greater than $10,000 because it involved fraud.

Under these circumstances I would not have pled guilty and conceded that the loss was more than $10,000. It is my understanding that there were options available other than the plea agreement that I entered into. These options included going to trial, negotiating an amount certain of loss less than $10,000, pleading guilty to an offense that was not an aggravated felony and even requesting consideration for a deferred prosecution.

Since my attorney, the government prosecutor, the court and I believed that I was a United States citizen, I had no discussions with my attorney on the effect that a conviction would have on my status in the United States. I also believed that my attorney had no discussions with

the government attorney relating to my immigration status during plea negotiations.

15. If any of the grounds listed in 14 A, B, C, and D were not previously presented, state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them:

The claim that petitioner's plea and constitutional waivers were not knowingly and intelligently made was not brought on direct appeal. It relies on evidence outside the record and discovered subsequent to the time for filing a notice of appeal.

16. Do you have any petition or appeal now pending in any court as to the judgment under attack?    Yes ( )    No ( X )

    (A)    If **"YES,"** state the name of the court and the nature of the proceeding:

17. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (A)    At preliminary hearing:    Frank Handelman, Esq.; Three New York Plaza, New York, NY 10004

    (B)    At arraignment and plea:    Frank Handelman, Esq.; Three New York Plaza, New York, NY 10004

    (C)    At trial:    N/A

    (D)    At sentencing:    Frank Handelman, Esq.; Three New York Plaza, New York, NY 10004

    (E)    On appeal:    N/A
    (F)    In any post-conviction proceeding    N/A
    (G)    On appeal from any adverse ruling in a post-conviction proceeding    N/A

18. Were you sentenced on more than one count of an indictment, or more than one indictment, in the same court and at approximately the same time?  Yes ( )  No ( X )

19. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
        Yes ( )    No (X)

    (A)    If so, give the name and location of the court which imposed the sentence to be served in the future:

    (B)    And give the date and length of sentence to be served in the future:

WHEREFORE, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____   _____
Signature of attorney (if any)   Signature of Movant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ (date)

_____
Signature of Movant